We're very happy to be here in San Francisco and to get to use this beautiful courtroom. Our first case for argument today is 23-1665, P.S. Products v. Panther Trading Co. Mr. Stewart, please proceed. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court, my name is Chris Stewart, I represent the appellants in this matter, Mr. Billy Pennington and P.S. Products. The main issue in this appeal is the lower court's inherent power, and I believe, again – I'm just going to ask you a couple housekeeping questions.  Sure. So, you all are not appealing the ruling of exceptional case or the 285 attorney's fees? No, ma'am. You're just focused on the inherent sanctions? Yes, ma'am. Okay, please proceed. And that is why I believe it is, again, the Federal Circuit is here to discuss inherent power of lower courts in awarding either attorney fees and or deterrent sanctions or any type of sanction. And let me make sure I understand, the inherent sanction of the attorney's fees in the 285, they go to opposing counsel to satiate opposing counsel for whatever reason they were granted. But the inherent sanction goes to the court itself, right? In this case, Judge Moody ordered us to pay inherent sanctions to the court, which to me was very bizarre. I had not seen that before, because it's almost like it's a contempt charge of some sort that they – in reading past cases – I mean, in past cases, the inherent sanction power exists. There are many cases in which we know there's inherent sanction power. And I understand your argument it doesn't coexist with 285, and we'll get to that. But is – when you say to the court, isn't it always the case that the inherent sanction is paid to the court? Or in some instances, did you find in your research – and you probably know this much better than I do – did the inherent sanction get paid to the other party, usually? Or is it usually to the court? From what I read, it appeared that the damage – those awards were paid to the other party. It was – in my research, I did not find a specific case where the court listed out this shall be paid to the court. It just stated here is the next – for instance, in one of the cases – Are you also taking issue with the payment going to the court? No, ma'am. No, ma'am. Not at all.  I just thought that was interesting. There was – there was one case where it was deposition fees or expert – it was expert fees. They doubled the amount, and they said, hey, these fees are in our inherent power. We're going to grant those to be awarded. Well, in that case, they wouldn't go to the court. Those – that payment would have gone to the opposing party. But you agree, as a general matter, that the district court has inherent authority to issue sanctions? Absolutely. Yes, ma'am. So is it more your argument that they didn't have inherent authority here because they should have awarded – if they were going to award anything, they were limited to 285? Not necessarily. I believe there is inherent power, and Judge Moody could certainly award sanctions under his inherent power. I think there's two different things in the rules. There's a statute on 285 where it's an exceptional case. There may be a payment of attorney fees, and then there are also inherent powers where a judge could award an additional fee to be paid in another manner. So I believe it's two different – it's two different things. So what is your specific concern here, then? Yes, ma'am. That is a great question. It is the fact that Judge Moody applied the wrong standard. I don't believe he knew what the correct standard would be. This Court, for years, has held out that in order for inherent sanctions or deterrent sanctions to be – or inherent power to be used, it has to be bad faith or fraudulent conduct. It's very clear. And Judge Moody, in his order, which I believe is very important for the Court to review – Yes. Tell me – that's a great point. That's where I was going to go. Where in the order do you think he articulated a standard that you find to be at odds with  Yes, ma'am. It's Appendix Page 1. He states that based upon the lack of legal merit in this action and the plaintiff's history of repeatedly filing meritless lawsuits in the district, the Court finds the award of deterrent sanctions appropriate in this case. That is the wrong standard. Now, why is that the wrong – I don't know that that's actually even a standard, but why is that the wrong standard? Because the Court has stated there has to be bad faith or fraud. Okay, but a history of repeated meritless lawsuits – I mean, there's kind of a lot that could be read into those words that could really lead you quite clearly to bad faith. That's – it could. And I believe there are – there's a difference between bad faith and meritless. Those are two different things. Meritless would go to 12b-6. Well, to be clear, to be clear, like, when you say there's a difference between bad faith and meritless, I mean, that's like – I don't know – are you – were they – were the – let me start. Were these lawsuits filed by you? Were you the attorney involved in these?  You don't seem dumb to me, and I don't mean that to be rude or disrespectful. Thank you. I appreciate that. I don't mean that to be rude or disrespectful. So if you're not dumb and you're – you seem to be an able, capable attorney arguing in front of me right now, you have great poise, you have a mastery of this record, why should you file these meritless lawsuits? They were not – they were not meritless in 15 years, starting in 2000. Yeah, but he said they were. Correct. He did not – Wait, wait, wait. Sorry. So are you appealing that fact-finding? Because that is a fact-finding, whether his look-back at all those suits were meritless. Did you appeal that fact-finding? Not in the sense of a fact-finding. He did not review those in the record. They're nowhere in the record where he went through my 25 cases. In order to agree with this and for him to issue this, Judge Moody would have gone – had to have gone through 25 cases.  Why? Because 15 of them – and I might get the number wrong, and I can look it up because I think I have my little chart here – but like 15 of them were dismissed before an answer was even filed by you. Like so why – why isn't that an indication that, quite frankly, you're running around filing nuisance value lawsuits without having properly investigated them or thought them through? Why isn't that a fair inference on his end? One of those cases was actually in front of him, and we went to a claim construction hearing, and we won. And he is now saying that it's meritless. It's conjecture. Well, he didn't say that all of them were meritless. He did not. No, this sentence isn't that 25 cases were meritless. But there is this breakdown where it's – I don't know. I don't remember the exact numbers, but it's something like 15 of them were dismissed before an answer was even filed. So the one you're talking about, obviously, is not one of those. Yes, ma'am. So what about all those? As a plaintiff's attorney in this space, it is – if a party will – a case could be dismissed for two reasons. One, there is a settlement, or two, there is bad conduct. They don't want to – because, hey, what we said in our complaint is true, and therefore they would like to settle it. Or secondly, they don't want to go through the litigation and they will settle it. So were all of those dismissed for settlement purposes? Is that what you're arguing? Yes, ma'am. A majority of them were. And actually, there was another case that cited that was – But you said a majority of them were. Yes, ma'am. And I asked you if all of them were dismissed. So not all of them were dismissed? Not all of them. No, ma'am. What – which – what percentage, or give us a ballpark, that were dismissed for settlement versus other reasons? There were – there's three in this case that were – that ended up being litigated. The – I would say the others were most likely because of a settlement in this case. On page 831 of the record, I think it's somebody's brief, but it says 13 of the 25 suits were dismissed either before or soon after an answer was filed. Do you agree with that? Yes, ma'am. Absolutely. So everything here – not everything, but at least that you're here with. It says three were dismissed after a motion to dismiss was filed but before the court had an opportunity to rule on the motion? Is that true? Yes, ma'am. Absolutely. And that's over 15 years. That's from over 2010 until 9. Fifteen years. I mean, that's – this is a practice where my client, as you can see from the record, has 33 patents. It's a large number of patents, and his products are all over the United States. In each of these lawsuits, what did you rely on for venue? Did you rely on 1400B for the venue statute for patent cases?  Did you cite that? Yes, ma'am. So in each of those cases, if I go back and look at your complaint, that's what you're going to have cited because you didn't cite it in this case. I would – I'm not sure, Your Honor. I would have to go back and look at those. I do know we were claiming that we had jurisdiction on those parties because of their selling into the district. And we do know, for instance – But you understand that for patent cases, right, that there's a special venue statute for patent cases?  Yes. It's the only one that operates. Right. There's not another one that exists, just 1400B. Yes, ma'am.  And I believe that's the only way we could have brought them. And as we've stated – Well, when you say that you believe that's the only way you could have brought them, but I guess what Judge Stoll is trying to get at is this is your 26th, and you cite the wrong venue statute. Are you telling me this is a one-off? Or – I mean, because what she is suggesting – and just be very careful here. You can even say you don't remember. I'm trying to help you out. Right. Because the last thing you want to do in open court before us is assert something that we can actually verify to be false, because then you're looking at bar problems. I understand. So be very careful. She asked you, you know, did you in your complaints in the prior 25 cite the right venue statute? Because you cited the wrong venue statute here in case number 26. So are you telling me you had it right in the first 24, this was a typo? Or are you telling me that you don't remember? Or that maybe you cited it wrong? Because here in your complaint you say under 28 U.S.C. 1391 venue lies in the eastern district of Arkansas. That's true, Your Honor. And that is – and I would say I would have to go back and look, and now I do know that the same complaint was used in my previous cases. So you did not cite the correct venue statute? So I did not. Okay. Yes, I did not. And with that being said, we're not sure what defendants would do in these cases if they're going to, A, litigate or if they're going to settle these cases. In the ones where we were engaged and we did litigate, one of these cases was there was dismissal. Well, when you say you don't know whether they're going to litigate or they're going to settle, the other option is, like in this case, you simply dismiss because you filed a meritless lawsuit. So that's what we're trying to get to the bottom of. Is it fair for him, this district court judge, to infer that since the procedural posture in these other cases, and many of them, mirror the procedural posture here, that it was the same sort of meritless behavior that was at issue? And that's what we have to assume that that is what he was thinking when he wrote that order because he didn't go through a lot of detail like you pointed out. We have to assume that's what he was thinking. So why is it wrong for him to think that? And did you put in any evidence to give him reason to think that was wrong? At the hearing, no, Your Honor, I did not. And I was surprised that he went that direction because the only other patent case that I only had one other in front of him, and that was his first patent case when he first came to the bench, and it was the one that went to a claim construction, and that defendant was in the state of Missouri, and we were able to pull them into the state of Arkansas because of the long-arm jurisdiction. There was an additional case that was dismissed for lack of personal jurisdiction, but it came here to the Northern District of California. We litigated that in front of Judge Alsup on the same merits, on the same complaint, and we prevailed. We prevailed on that case. It was the P.S. Products v. Alibaba, and it came here. Okay, but there's 25 cases. Yes, ma'am. The fact that not all of them were meritless doesn't save you. He didn't say that all 25 of your cases are bad. He pointed to the idea that there are a lot of them that were dismissed at the really outset, kind of like this one was. How many – can you tell me how many of those you voluntarily dismissed? They were – all of them would have been voluntarily dismissed. And how many of them were voluntarily dismissed in the absence, like this case, in the absence of a settlement agreement? In the absence? I would say all of those – I would say a majority of those did have a settlement agreement. There was a settlement agreement. There's no settlement agreement here? No, ma'am. But you're saying in the majority of the other cases – like, for example, I can pull that up on the docket, right? Because the docket would – your dismissal would often say due to settlement. Would it not? Some of them would, but not necessarily because you might not want that in the record, and the defendants are not going to want that in the record. And generally, you don't. Generally, you just voluntarily dismiss it, or you non-suit it, or you dismiss with prejudice. And having been in practice for 22 years – I'm a litigator. I do a lot of lawsuits in various areas of practice. And generally speaking, never mention a settlement when you file a dismissal. One of the things – you're in this sticky wicket situation where, honestly, on this record, it looks bad. It looks bad because he had this case in front of him, and this case was meritless. I looked at the picture of their product and your design patent, and these things are not even close. Not even close. Like, there's no reasonable basis for this lawsuit. There is none. And then you add to that the fact that you cite the wrong venue statute. You're not even in the right forum. And so it looks – I mean, your argument is so much better than what you did in this case. And so what he had is this case in front of him. And then he's looking and saying, and there are 25 other suits out there where they walked away just as early. Were those suits – he is inferring that those suits were as frivolous as this one. And this one is frivolous, my friend. It is frivolous. So he's looking, and he's saying, goodness. And what I've got to figure out is, is that a fair inference? Because I've got to defer to his fact-finding. And maybe it's not. Maybe they didn't put in enough evidence to show that they were. Maybe it is enough because all those suits were without dismissal at such an early stage. And I guess one of the ways you could have combated that, it seems to me, is you could have come in with a declaration by somebody that says, Your Honor, yes, those 25 suits went out. But 13 of them we settled. And we got money from them. They wouldn't have paid money if it was a meritless suit. But there are ways that you – you're kind of telling us stuff now that's not in the record. And I believe you to be an honest person, so I want to accept what you're saying is true, but it's not in the record. And that would have been a great way for you to combat this problem, is to put in some sort of declaration below that says, No, even if you think this suit is meritless, those other 25 weren't. We arranged settlement. In fact, our case was so good, they settled with us right away. That's why there was no answer. That is your way around it. And so I don't know what to do here because I don't have that record. I have your representations about what happened. That's why I was trying to get to could I see it in the docket sheet. That's why I was like, does the docket sheet say dismissed due to settlement or something? Is there something in this record that could substantiate what you're saying that I could look at easily that it – take judicial notice of? I mean, an entry in the docket I could take judicial notice of. So I'm trying to think of what there might be that actually would substantiate what you're saying so that I could rely on it and say, Oh, I'm sorry, District Court Judge, you didn't quite do enough here. I get – because I understand what he did. I get why he didn't. But you're also making a really good case, but your case is all extra record. So I don't know what to do with it. Your Honor, I'm going to stand aside. No, I'm not going to cut your time off. We only have two cases today. Oh, thank you. I want to hear what you've got to say. Well, Your Honor, I think it was in the record because opposing counsel put it in the record in his – in his – one of his responses to the motion for deterrent sanctions or his motion for – What is the record? What did opposing counsel put into the record? The number of cases. He put in the number of cases and how many – how many of those were dismissed. And that's essentially – But you didn't put in evidence on why they were dismissed or whether they were settled. There's no evidence like that, right? No, ma'am. Correct. Correct. And so simply, that was stated at the hearing, and here I – and I'm here today stating – actually, like you stated – what is – what truthfully happened in those cases. And with that being said – I know. You could have even put your own declaration in, right? Like you could have – you've left me with an evidentiary void because I want to find for you, but I can't on this record. I'm just being honest. I can't. I don't see it. Because I can understand. I have to give deference to a district court judge. He lived with you. He lived with this case. And this case is frivolous. And then – but these 25 other suits, I feel like you had so much opportunity to cure this defect with him. You could have come in for reconsideration and submitted a declaration. There's lots of ways you could have built a record that would have helped us to say, okay, this inference that he made that these other cases that were dismissed super early are likewise frivolous. That inference is not right because you have evidence. You know, like that's the problem I'm having right now.  And I think the standard in this case is the improper standard that Judge Moody's using. He's using a new one. That this – he is creating a new standard that this court has not applied, which it's not bad faith. And there's no fraud. There's been – there's not been bad conduct on behalf of me. And now he's coming in and creating a new standard saying because there's a meritless lawsuit in the district, we're going to award deterrent station. So one thing to take into account here is that the other side asked for a higher number and then even in the district judge's order, he made it clear that they were only getting about a quarter of that number they originally requested. Yes, ma'am. That is true. I mean, do you think that that also then kind of supports up very much the order that the court put in? I mean, it wasn't like the court rubber-stamped what the defendants requested. That is true, however, Your Honor. When I read the order in review of the case law, his standard that he applied is incorrect. And a meritless lawsuit is one that can be dismissed on a 12B6 motion saying that there's insufficient facts to support the law – to support the lawsuit. That's what a meritless case is. Counsel, but so this standard you said earlier, it's bad faith or fraud. Yes, ma'am. Right? But how do you know that he didn't – that's the standard he was applying. And what he was saying is that it was bad faith of having a history of repeatedly filing meritless lawsuits in this district. Your Honor, I believe he should have stated that in the order. And based on what he has written here, his order does not cite the correct standard that this court has used. Are you familiar with the concept that we as an appellate court review judgments, not opinions? And what it means is that if we review it and we see that it still meets the standard, I mean, in a case like this, I can't say that this sentence shows that he thought the only standard was repeatedly filing meritless lawsuits. I mean, I think he applied – why is this not applying the standard to the facts of this case? I believe he should have gone through the 25 cases and maybe that's what he should have done at the hearing if he was going to use the extreme – He should have reviewed that he needed to write about each of the 25 cases. You don't know whether he went through the 25 cases or not. Right? No, ma'am. Okay. Okay. Well, let's hear from the other side and then we'll give you some rebuttal. Thank you, Judge. May I stand aside? Oh, yes. Definitely. Mr. Zinda, please proceed. Thank you, Your Honors. May it please the Court. You know, I had the whole outline prepared and I will probably go back to the outline at some point, but I want to address some of the issues that were just raised. I believe, Judge Moore, you asked, you know, why is it insufficient that the plaintiff had filed 26 lawsuits, 25 of which were in Arkansas. Why is that not sufficient to infer that at least some of those lawsuits were filed in bad faith? We think that's a very strong evidence that some of those lawsuits were just as meritless as this one, but there's additional evidence in our case. Why? What if, I mean, you know, lots of people settle and lots of people settle for nuisance value. Sometimes that does mean the suits are quite frankly meritless, but sometimes, you know what, the client realizes it's easier to pay them a little bit of money than pay your lawyer's fees, and so they just get out with them. And I know that's an awful thing. It's a bad thing, but it's part of our process. And so what if, you know, what if all 25 of those dismissals resulted in his client receiving money via settlement from the person they sued rather than pursuing the litigation? It doesn't matter if you might think it was for nuisance value. You know, that doesn't matter. That would be really relevant evidence that would, for sure, change the perception here, wouldn't it? It could be if that evidence was in the record. And secondly, I will say I don't think I honestly don't believe the fact that a settlement necessarily indicates the lawsuit had any merit. At the hearing, I specifically pointed to two of the past cases, two other past cases that they filed on patents related to stun guns and such, where there was no vague basis for venue in those cases. I specifically pointed those cases out at the hearing. Okay, and so can you show me the record so that I can see that? So basically you're saying the district court judge may have only stated this thing, but he had in front of him clear evidence of particular ones of those cases that shared some of the same meritless defects of this case. With respect to venue yard, yes. And I'm trying to, let me just give you one moment, please, to find the  So the hearing transcript, page 9, line 7, to page 10, line 10. Do you have an appendix number? Excuse me? Do you have an appendix number for this? I do not because I believe the hearing transcript was filed at the very end of this case. Yes. It was not a record. She has one. I'm going to look at it. The court, to his fault, requested a copy of the transcript. Page 9. We did ask you. Yes. You said page 9? Page 9, yes, Your Honor, starting at line 7. I know. I don't have one. She has it. No, I'm going to look at it. Thank you. All right. So page 9, starting at line 7, to page 10, line 10. And then there's also another portion of the transcript later on rebuttal where I, again, raise those particular clients. And just one thing I'll say, Your Honor. Is there a particular sentence or something that you're going to say? Yeah, sure. I can actually read the record if you'd like. For example, it says there's 88 total, and of all patent suits in Arkansas, 20 of them, five of them. I mean, to me, the number of suits doesn't matter at all. What's more important, is there any evidence about the merits of those particular actions? Yes, Your Honor. So first off, this is an exact quote from the hearings transcript where I'm talking about the venue issue with these past lawsuits. And I would say. What page are you looking at? This is page 9. Officer, it was actually page 9, line 21 is the beginning point. I'm sorry, what? Which page? I couldn't hear you. I'm sorry, page 9, line 21. Okay. Where I say an example would be cutting-edge products, specific marketing solutions, and then my clients are all based in other states. And so this is where I'm explaining to the court. Wait, wait, you say an example. That's not this case. Is this an example of a different case? Two other cases that were part of the 26 that were filed before. And so the point I was making to the court was there are two other parties they've sued out of these cases. I represented them. And there was no venue basis in those cases either. I mean, the fact that my clients didn't. So just out of curiosity, it doesn't look like it's in the record. What happened in those cases? Were those dismissed? Those cases were dismissed, and they were resolved. And as I explained to the district court. Was there a settlement? Yes, Your Honor. And as I explained to the court at the hearing, there are quite a few reasons a small company would settle a patent lawsuit in federal district court even if the case has no merits. I do not believe personally that settling a lawsuit necessarily means the case had merits. I think it's generally well known that there are a lot of nuisance suits that go around, and they get sold for that precise reason. It's just easier to pay and go away. In this case, my client said no. He took the gamble. He said, I'll risk $100,000 plus in attorney's fees to fight. I love that he did it, and he got his attorney's fees, right? Yes, Your Honor. Yes, Your Honor. Go ahead. No, no. I love that he did it because this is a frivolous case. I mean, I looked at those two design patents. It took me 10 seconds to see how frivolous this was. And I want to go back to the point you'd raised before about, well, is it just the number of suits? Can I ask you another question? Is the same patent that was at issue in this case at issue in the other 25 cases? I believe they were different patents related in the same type of products, but I think they were different patents. And the reason I referenced those cases at the hearing was the venue allegations in those cases, I believe, was baseless. To your knowledge, in those cases, was 28 U.S.C. 1400B mentioned? I don't recall, but my presumption would be, and this is pure speculation, would be that it would have had the same language from this complaint as the patent. Didn't he say a minute ago that he used the same complaint in each of them? So it would have been that 1300B. And, in fact, Your Honor, the complaint in our case had trademark allegations that clearly weren't – they clearly weren't a certain trademark, but it was clear that those allegations were just leftover. So let me ask you this. I mean, he basically admitted that he kind of used the same complaint throughout, which is citing the wrong venue statute. And here you made an excellent case for why there is absolutely no venue. And, in fact, you pointed the district court to other cases where there was no venue. And do you think that standing alone, just the venue portion of this, if he inaccurately asserted venue sort of over and over would be sufficient to justify the inherent sanction award? I believe that it could, Your Honor. I believe that if you file 26 patent cases, I find it very difficult to believe that you don't know the venue standard. I just find that difficult to believe. My belief is that if you're doing that, the more likely scenario is that you're filing in that particular state just because it benefits you, not because you care about the law or you care about following the federal rules. It's my belief. And I do believe it's enough. And I think in this case the judge rightfully considered the fact that in our case, when the plaintiff was confronted, PSP was confronted with questions about, well, why are you in Arkansas? Repeatedly, Mr. Stewart went back to, well, we insert products into the stream of commerce. Did the court ever comment on the incorrect use of the venue statute? Yes, Your Honor. I believe the judge did. There were several portions. Just give me one moment, please. I do have portions of your honor. Okay. There's a discussion on page 17 of the transcript starting at line 4 that carries over to page 18, line 10. I see it. Thank you. And that's where the judge questioned pretty thoroughly on the venue issue. And it's clear, Your Honor, that the plaintiff in this case just does not care about the venue statute. And they repeatedly, even after being confronted with our motion to dismiss and even after being confronted with our motion for attorney's fees and sanctions, even after all of that, they had the audacity to go in front of the judge and continue to say that simply inserting a product into the stream of commerce was sufficient. The fact that their client sells in 50 states is somehow relevant to patent venue law. And I think on that basis alone, on the fact that they repeatedly, insistently, despite all of the law, continued to make that assertion, was enough for the judge to infer all of the other cases were flawless. But you're not just relying, counsel. Yes, Your Honor. You're not just relying on that, though, right, in terms of the argument? No, Your Honor. We are relying on, and I think the egregiousness of the underlying conduct that was also the basis for our exceptional case also leads to the fact that these other lawsuits did not merit, at least with respect to venue. So let me ask you. You weren't able to pursue the Rule 11 here, right? Because I guess the rules require a waiting period. You give them the Rule 11 and they can either cure or there's a waiting period. If you had successfully pursued the Rule 11, what would have been available to you that you didn't already get? Would it have been an additional sanction above and beyond the attorney's fees that you got under 285? What would have been possible available? Yes, I believe Rule 11, the sanctions would have been of the deterrent effect. So basically the equivalent of what we saw in our motion for attorney's fees and sanctions under the inherent authority. The exceptional case, in our view, is compensatory. It's to compensate my client for having to go through this litigation for over, I don't know, well over a year now at this point. So let me ask you something. I'm curious. You come up here before us, but you're only fighting over the inherent sanction, but your client doesn't get to keep that. So your client's paying for you to be here today and argue and write this brief. Is it just principle? Is it just like this is the principle? I am going to stand my ground because, you know what, we were wrongfully sued and somebody needs to put a stop to this. What motivated this case for you on appeal here, I mean? On appeal, I would say I'm honestly doing this for free unless we recover more fees. So it is a principle issue for me, and I believe that this should be affirmed. I believe that the judge got the ruling right, and if we don't defend it, nobody will. So that's kind of why I'm here. Okay, tell me about your Rule 38. Excuse me? Tell me about your Rule 38 request.  I think you also make an argument in terms of Did you make a motion for attorney's fees here in front of us? I did, Your Honor. And honestly, I think if we prevail, I did, Your Honor. I do believe that there were arguments that were made in the appeal brief that are so frivolous that they do rise to the level where we can recover fees for us having to participate in this appeal. Even if we don't win on that, I still think we are entitled to go either back to the district court or file a follow-up motion and seek fees because all of this stems from the exceptional conduct at the beginning of this case. Everything from after this case was filed should not have happened. And so that's another issue for another day. I agree with you on all that. The hard thing for us on the Rule 38 is we have to say, Is it a totally frivolous appeal? And we've never had, I've never seen this in our sanction thing before. I never have. And so I'm not sure that that is a completely meritless argument that it's duplicative in a way of the attorney's fees. And that's where I'm a little bit torn. Sure, and I don't know. I mean, I don't think our motion for the court to find this appeal frivolous is not necessarily based on the overall merit of their appeal. It's that they continue to make arguments in their brief that are just frivolous. I mean, if you read their brief, they're still arguing in there that my client's product could infringe. They actually have a statement in there where they say a reasonable fact finder. Show me. Show me where that is. Sure. I have those. That's helpful. That's opening of full brief, page 18, where they say there exists legal claims for infringement for a fact finder pursuant to an ordinary reasonable observer. Okay, if that was true, then why did they get pegged for exceptional case? And I know the court has seen the pictures. I mean, my eyes almost roared out the back of my head when I saw the allegations they were making in this lawsuit. Secondly, they again mentioned Panther had placed in the stream of commerce on its website a product that infringed electrode tax. So they're still trying to implicitly argue that somehow their original complaint had merit. What is your best case for your argument that the appeal is frivolous as argued? I would say my best case is that they continue to make misstatements of law and misstatements of facts. I think she means like an actual case. I'm sorry. Honestly, I don't know if I have a best case off the top of my head. I did cite several cases that show that the court does have authority to find an appeal as frivolous. No, we know we have authority to do it. We're just trying to figure out, you know, what is the kind of fact pattern that ought to give rise to it? And is there any precedent in our jurisprudence that helps you? I understand, Your Honor. Unfortunately, that was an issue that I did not find a case that was specifically on point on that issue. Just to clarify, I think you're only arguing that it's frivolous as argued in terms of the appeal. Correct. Not frivolous as filed. That's correct, Your Honor. And I don't – back to the inherent authority point. I don't even think this is a close call whether the judge had inherent authority to issue the sanctions to further deter them. I mean, in my view, it's clear he found that the attorney's piece wasn't enough based on the level of misconduct with the original complaint plus the hearing where there were all sorts of – if you read the transcript of the hearing, you will see there were a lot of things that were said at that hearing that I think were just flat out not truthful to the judge. And I think that the judge was perfectly within his rights to say, the attorney's piece is not enough. We need to do a little bit more to send a message to stop you guys from doing this again. And so that's why we think this should be affirmed. I personally don't think it's a close call, but I understand that you've got a decision to make. Okay. Thank you, counsel. Thank you. We'll give Mr. Stewart two minutes of rebuttal time. Thank you, ma'am. Please, the court. One, I don't believe this – or I know that our appeal is not frivolous based on the fact that the inherent sanctions were granted at the wrong standard. He specifically said that he's not saying it's frivolous as appealed. It's frivolous as argued, and he pointed to a couple of statements where he's saying that you're continuing to assert, for example, the inaccurate venue stuff even here on appeal. So there's a difference between frivolous as appealed and frivolous as argued. Frivolous as appealed is no merit whatsoever to the appeal, and I think he didn't even make that argument. He acknowledges that this question of inherent sanction might be a first-impression question for us, so I don't think you have to argue that because I don't think that's his argument. I think his argument is you're continuing to tether yourself to these misstatements of law that you made before the district court, that you made in your complaint, and that you're even making here on appeal, and that that is something that needs to be addressed because you can't keep doing that. You're a good enough attorney that you know better. Thank you, Judge. I would—the only reason that in our brief and our response why we stated the—why I even mentioned the products is that because the judge's order went to merit. There's no other way that I can talk about merit unless I were to bring up the facts of that case and the lawsuit because that was what was before the court was the complaint. It was not conjecture. I wasn't attempting to be argumentative. It was just meritless has to do with insufficient facts based on the federal circuit, based on the law. Meritless goes to the facts of the case. The judge— But why does it matter if they put something in the stream of commerce? That has nothing to do with venue, and that's this argument that you have apparently made in all these cases. That is just a wrong legal argument. It was the— I don't understand. Well, there was a case in the Eastern District of Arkansas before Judge Wilson where we did allege that venue was proper and jurisdiction was proper because those products were sold in the stream of commerce in Arkansas. He allowed us to get past the motion to dismiss. Yeah, but that's because he made a mistake. That's not the law. The fact that that district court judge got it wrong and you snookered him into getting past that motion to dismiss, do not argue that to me. Your statement of the law there is flat out inaccurate, clear as day, inaccurate. Our precedent leaves no room for that position. So the fact that you've got some district court judge and you didn't apprise him properly of the law as an officer of the court, which is your obligation to do, do not use that as an example. Understood. And I simply mention that for the fact because it was one of the 25 cases that was cited by opposing counsel and that came up in the judge's order. And I think that the order is appealed simply because of the language that he used. I believe that he would have said there was bad faith and there was fraud and he issued the order. I wouldn't be here. I'm here for free as well. I'm not charging my client for me to be here. Oh, you're not here for free. You're here because this is joint several liability. So you're here for $12,500 at a minimum. Absolutely. Yes, you're correct. You're not here for free. You're here because you have to pay this out of your own pocket. That's right. That's right. Yes. And I believe on that point is appeals are timely and they're expensive and it takes time. And to be here and come to the Northern District of California from Arkansas, I'm not going to just look at an order and say, oh, I'm just going to appeal that to appeal that. I don't do that. I've only appealed one other case to the 8th Circuit Court of Appeals. I've been practicing for 22 years. But the judge's statement for ruling this was incorrect. It's bad faith or fraud. And he simply did not use that. He created a new standard. And there was a case in the Federal Circuit that stated that a judge simply, in the Butthorn case, courts are not free to fashion new drastic rules. And that's what Judge Moody did here. And if he were to say it was based on bad faith or fraud, I would not be here. And I believe since the wrong order was applied or since the wrong standard was applied that this court has used, that it should be reversed or simply remanded to Judge Moody. Okay. Thank you. I think we take this counsel under submission. Thank you, Judge. Thank you very much. This case under submission.